UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

March 20, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:   *Rafael G. v. Martin O'Malley, Commissioner, Social Security Administration*
      Civil No. 23-775-CDA

Dear Counsel:

On March 21, 2023, Plaintiff Rafael G. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny his claim for benefits. ECF 1. This case was referred to a magistrate judge with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). The Court has considered the record in this case (ECF 9) and the parties' briefs (ECFs 12, 14). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the Court will REVERSE the SSA's decision and REMAND the case to the SSA for further analysis. This letter explains why.

## I.   PROCEDURAL BACKGROUND

Plaintiff protectively filed a Title II application for Disability Insurance Benefits ("DIB") on September 13, 2019, alleging a disability onset of April 2, 2017. Tr. 34, 318–21. Plaintiff's claim was denied initially and on reconsideration. Tr. 105–15, 121–26. On July 12, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 50–70. Following the hearing, on August 4, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 28–49. The Appeals Council denied Plaintiff's request for review, Tr. 1–8, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.   THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability;

---

[1] 42 U.S.C. §§ 301 et seq.

(2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since April 2, 2017, the alleged onset date." Tr. 36. At step two, the ALJ found that Plaintiff suffered from severe "affective mood disorder and anxiety disorder." *Id.* The ALJ also determined that Plaintiff suffered from non-severe "diabetes mellitus," "hypertension," "hyperlipidemia," and "obesity." Tr. 37. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to "perform a full range of work at all exertional levels but with the following nonexertional limitations: [can] perform simple routine tasks with no production rate for pace of work (e.g., assembly line work). Claimant can tolerate occasional interaction with the general public, co-workers, and supervisors." Tr. 39. The ALJ found that Plaintiff could not perform any past relevant work but could perform other jobs that existed in significant numbers in the national economy. Tr. 41. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 43.

### III. LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The [ALJ's] findings . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id*. In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ analyzed the relevant evidence and sufficiently explained their decision. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision[.]").

### IV. ANALYSIS

Plaintiff argues that the RFC and the ALJ's step-five findings lack the support of substantial evidence because the ALJ failed to explain how Plaintiff can work at all exertional levels. ECF 12, at 3. He also avers that the ALJ erroneously cited evidence concerning Plaintiff's A1C levels and failed to consider evidence of Plaintiff's "20/50 corrected vision loss in both eyes[.]" *Id.* at 4–6. Defendant counters that the ALJ "gave the appropriate level of consideration" to each of the issues that Plaintiff raises in challenging the RFC on appeal. ECF 14, at 9.

A claimant is "responsible for providing the evidence" used to determine their RFC. 20 C.F.R. § 404.1545(a)(3). But the SSA is "responsible for developing [a claimant's] complete

medical history," *id.*, and an ALJ is required to "consider all allegations of physical and mental limitations or restrictions" when assessing the RFC, Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5 (July 2, 1996); *accord Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986) ("Clearly, the ALJ must consider every impairment alleged."). Thus, when a claimant "allege[s] that an impairment creates a functional limitation or restriction," or when the record contains evidence of limitations or restrictions caused by an impairment, an ALJ "must discuss the impact" of this evidence on a claimant's RFC. *Yurek v. Astrue*, No. 5:08-CV-500-FL, 2009 WL 2848859, at *8 (E.D.N.C. Sept. 2, 2009).

The Court agrees with Plaintiff that the RFC assessed here lacks the support of substantial evidence because the ALJ failed to consider evidence of vision loss. ECF 12, at 6. The record indicates that Plaintiff's bilateral corrected eyesight was documented as "20/20" in 2019, Tr. 92, but was later documented as "20/50" in October 2021, Tr. 647. Additionally, in a function report dated January 31, 2021, Plaintiff alleged that his "[s]eeing" was affected by "illness, injuries, or conditions[.]"[2] Tr. 403. Despite this evidence, the ALJ's decision does not reference Plaintiff's eyesight. *See* Tr. 28–49. This omission constitutes error: an ALJ must consider all alleged limitations when crafting the RFC.[3] *See* SSR 96-8p, 1996 WL 374184, at *5. Remand is necessary so that the ALJ can consider the "combined effect" of each of Plaintiff's alleged impairments on his RFC. *Gibson*, 779 F.2d at 623. Because remand is ordered on this basis, the Court need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider those arguments and, if warranted, to adjust their decision accordingly. In remanding, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

### V.     CONCLUSION

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g). The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge

---

[2] Given this allegation, the Court disagrees with Defendant's assertion that Plaintiff "never alleged any visual symptoms or limitations[.]" ECF 14, at 13.

[3] Because the SSA categorizes the capacity for "seeing" as a "basic work activit[y]," 20 C.F.R. § 404.1522(b), the ALJ's error may have substantial consequences.